UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-09331-GW-SHK | Date: | February 27, 2020 |

Title: *David Romo v. Los Angeles Sheriff Department, et al.*

Present: The Honorable  Shashi H. Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** **Third Order To Show Cause Why Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] Should Not Be Denied And The Case Dismissed For Failure To Prosecute And Follow Court Orders**

On October 14, 2019, Plaintiff David Romo ("Plaintiff"), proceeding pro se, constructively filed[1] a civil rights complaint ("Complaint" or "Compl.") under 42 U.S.C. § 1983 ("§ 1983") against the Los Angeles Sheriff Department ("LASD") and the "Department of Mental Health" (collectively, "Defendants"). Electronic Case Filing Number ("ECF No.") 1, Compl. On the same day, Plaintiff also applied to proceed in forma pauperis ("IFP Application"). ECF No. 2, IFP Application. The form Plaintiff utilized to request to proceed IFP clearly indicated that Plaintiff must "**attach a certified copy of [his] prison trust account statement showing transactions for the past six months**" to his application. Id. at 2 (emphasis in original). Plaintiff failed to attach a prison trust account statement. Therefore, on November 6, 2019, the Court issued an Order to Show Cause Why Plaintiff's IFP Application Should Not Be Denied ("OSC"). ECF No. 7, OSC.

In its OSC, the Court instructed Plaintiff that he must notify the Court by November 20, 2019, of his average monthly Inmate Trust Account balance ("ITA"), or the average monthly deposits into his ITA account, and "'attach a certified copy of his ITA statement showing

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed. Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights suits filed by pro se prisoners).

transactions <u>for the past six months</u>' as directed on his IFP [A]pplication." <u>Id.</u> at 2 (emphasis added, brackets omitted). On December 12, 2019, after receiving Plaintiff's Notice of Address Change, the Court issued an order updating Plaintiff's address and resending the Court's November 6, 2019 OSC to Plaintiff's new address ("Order re Address"). ECF No. 10, Order re Address. The Court, on its own, also extended Plaintiff's time to respond to the OSC [ECF no. 7] until January 12, 2020. <u>Id.</u> Plaintiff did not respond.

On February 6, 2020, the Court issued another OSC ("Second OSC") and provided Plaintiff with one "<u>final opportunity</u> to comply with the Court's Orders." ECF No. 11, Second OSC at 2 (emphasis added). The Court ordered Plaintiff to "file a response **no later than February 13, 2020**." <u>Id.</u> (emphasis in original). To comply with the Second OSC, the Court instructed Plaintiff he must either: "(1) pay the full $400.00 filing fee; (2) submit a copy of his ITA statement <u>signed by an Authorized Officer</u> of the Institution; or (3) show cause in writing why he is unable to do so." <u>Id.</u> The Court warned that "[f]ailure to file a response within the time specified **will** be deemed consent to the dismissal of the action, with or without prejudice." <u>Id.</u> (emphasis in original).

After Plaintiff failed to timely respond to any of the Court's Orders or to cure the above mentioned deficiencies in his IFP Application, on February 21, 2020, the Magistrate Judge forwarded a recommendation to the assigned District Judge that the case be dismissed for failure to prosecute and follow Court orders. On February 20, 2020, the Court received an Inmate Statement Report ("ISR Report") from Plaintiff, but the ISR Report was not docketed by the Clerk of Court until February 24, 2020. ECF No. 12, ISR Report. In Plaintiff's ISR Report, Plaintiff includes a copy of his ITA Statement showing transactions for only the past four months, rather than the past six months. Moreover, Plaintiff's ITA Statement was not signed by an authorized officer of the institution where Plaintiff is housed. Thus, Plaintiff's ITA Statement was not certified or complete, and fails to comply with numerous Court Orders. Finally, Plaintiff did not sign his ISR Report and, thus, the mailbox rule does not apply to his submission and the Court deems Plaintiff's ISR Report, and the attached ITA Statement, submitted on February 20, 2020, the day it was filed.

Here, Plaintiff submitted an incomplete IFP application over four months ago, on October 14, 2020. ECF No. 2, IFP Application. Although Plaintiff's IFP Application form clearly indicated that he must attach a certified copy—meaning that it is signed by an authorized officer of the institution Plaintiff is house at—of his ITA Statement showing transactions for the past six months, Plaintiff failed to do so. Moreover, even though the Court has repeatedly ordered Plaintiff to cure these deficiencies, extended Plaintiff's time to do so on its own, warned Plaintiff of the consequences for failure to comply, and provided Plaintiff with one final opportunity, until February 13, 2020, to comply with its orders, Plaintiff, one week after his last-chance-deadline expired, submitted an uncertified and incomplete ITA Statement. Accordingly, the Court finds that Plaintiff has again failed to follow Court orders.

Nevertheless, the Court gives Plaintiff the benefit of the doubt, again, and **for the final time in this litigation**, and hereby VACATES its recommendation to the District Judge that this case be dismissed for failure to prosecute and follow Court orders.

Accordingly, Plaintiff is hereby **ORDERED TO SHOW CAUSE**, one last time, by **March 6, 2020**, why:

1) his IFP Application [ECF No. 2] should not be **DENIED** for failure to provide a certified—meaning <u>signed by an Authorized Officer</u> of the Institution Plaintiff is incarcerated at—copy of his ITA Statement showing transactions <u>for the past six months</u>' as directed on his IFP Application and multiple Court orders; and
2) this case should not be dismissed for failure to prosecute and follow Court orders.


Plaintiff can satisfy this OSC by: (1) paying the full $400.00 filing fee; (2) submitting a certified—meaning <u>signed by an Authorized Officer</u> of the Institution he is incarcerated at—copy of his ITA Statement showing transactions <u>for the past six months</u>; or (3) show cause in writing why he is unable to do so. Plaintiff must perform one of these options by **March 6, 2020.** Plaintiff is cautioned that failure to timely satisfy this OSC **<u>will</u>** result in the dismissal of this case for failure to prosecute and follow Court orders.

**IT IS SO ORDERED.**